**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **PATRICK McDONOUGH,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) No. 06 C 2732 |
| | ) |
| **CITY OF CHICAGO, et al.** | ) **Wayne R. Andersen** |
| | ) **District Judge** |
| **Defendants.** | ) |

## MEMORANDUM, OPINION AND ORDER

This case is before the Court on the motion of Defendants City of Chicago, Richard Rice,

Alexander Vroustouris, Brian Murphy, Thomas Talley, Maureen Egan and the Human Resources

Board of the City of Chicago to vacate the 1983 *Shakman* Consent Decree pursuant to

Fed.R.Civ.P. 60(b)(4) and 60(b)(5). For the reasons stated below, the motion to vacate is denied.

## BACKGROUND

In Count IV of his Amended Complaint, Plaintiff Patrick McDonough alleges that

Defendants have violated the *Shakman* Consent Decree. Specifically, McDonough alleges that

Defendants have violated the *Shakman* Decree by discriminating against him in his employment

with the City based on his political affiliation, activities and speech against politically-favored

members of the Water Department. McDonough seeks the issuance of a rule to show cause why

Defendants should not be held in contempt of court, an injunction and an order requiring

McDonough to be reinstated to his former position.

The *Shakman* litigation which challenges the City's patronage practices in employment

resulted in a 1972 Consent Decree and a 1983 Consent Decree. The 1972 Consent Decree

applies to the City's treatment of its current employees. It prohibits the City from "conditioning, basing or knowingly prejudicing or affecting any term or aspect of governmental employment, **with respect to one who is at the time already a governmental employee**, upon or because of any political reason or factor." 1972 Consent Decree at ¶ E(1) (emphasis added). The 1983 Consent Decree pertains to the City's practices with respect to new hires and prohibits the City from "conditioning, basing or knowingly prejudicing or affecting **the hiring of any person as a Governmental Employee** . . . upon or because of any political reason or factor." 1983 Consent Decree at E(1) (emphasis added). The 1983 Consent Decree was also designed to carry out the 1972 Consent Judgment. *Id.* at ¶ 2.

Defendants now move to vacate the 1983 *Shakman* Consent Decree. Defendants claim that Count IV of McDonough's Amended Complaint alleges violations of both the 1972 *Shakman* Consent Decree, which covers existing employees, as well as the 1983 Consent Decree, which covers new hires. Defendants argue that the 1983 Consent Decree should be vacated because the original *Shakman* plaintiffs, who were candidates and registered voters, lacked standing to challenge the City's hiring practices.

### DISCUSSION

Defendants bring their motion to vacate pursuant to Fed.R.Civ.P. 60(b)(4) and 60(b)(5). Under Rule 60(b)(4), the court may relieve a party from a final judgment if the judgment is void. A judgment is void if the court entering the order lacked jurisdiction, or if it had no authority to enter the order, or if it acted against due process of law. *United States v. Indoor Cultivation Equip. From High Tech Indoor Garden Supply,* 55 F.3d 1311, 1316 (7th Cir. 1995). Rule 60(b)(5) provides that the court may vacate a judgment if "a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment

should have prospective application."

In *O'Sullivan v. City of Chicago*, 396 F.3d 843 (7th Cir. 2005), the Seventh Circuit instructed that in deciding a Rule 60(b) motion seeking to vacate the 1983 *Shakman* Decree, the focus should be on two important factors. First, the court must take a flexible approach that specifically considers principles of federalism. *Id.* at 868. Second, the court must consider the current law on standing, particularly as it relates to voter standing to challenge municipal hiring practices. *Id.*

We deny Defendants' motion for two reasons. First, the present enforcement action is brought under the 1972 Consent Decree, not the 1983 Consent Decree and, therefore, we need not address Defendants' motion to vacate the 1983 Consent Decree. Second, even if we were to address the validity of the 1983 Consent Decree, Defendants' motion based on an alleged lack of standing ignores the recent addition of class plaintiffs, who as of January 11, 2006, include individual City employees and job applicants, and thus satisfies standing requirements.

## I.     The 1983 Consent Decree Is Not the Subject of the Present Lawsuit

The 1983 Consent Decree is not at issue in this case and, therefore, the present lawsuit is not the proper forum for the Defendants' motion. The 1983 Decree covers applicants for employment with the City. *See* 1983 Decree, ¶ E(l) (prohibiting discrimination "in the hiring of any person"). The 1972 Decree covers current City employees. *See* 1972 Decree, ¶ E(1) (prohibiting discrimination against "one who is at the time already a governmental employee"). McDonough's claims are not based on discrimination in connection with being **hired** by the City. His injuries allegedly were caused while he was already a governmental employee. As such, McDonough's claims are governed by the 1972 Decree, not the 1983 Decree.

The City brought a similar motion to vacate in another enforcement action brought by a

current City employee in *Tucker v. City of Chicago,* Case No. 06-C-4786 (N.D. Ill.). In *Tucker,* the plaintiff, a City employee, alleged political discrimination. The City filed a motion to vacate the 1983 Decree. On February 9, 2007, Judge Guzman denied the City's motion as moot, reasoning that because the plaintiff was a current City employee, she was in fact vindicating a right under the 1972 Decree, not the 1983 Decree. Judge Guzman held that:

> [E]ven if this Court were to vacate the 1983 judgment, the 1972 judgment--and plaintiff's claim to hold defendants in contempt for violating it--would be unaffected. Because vacating the 1983 judgment will not resolve or impact any claim in this suit, the Court strikes the motion as moot.

*Tucker v. City of Chicago,* Case No. 06-C-4786 (N.D. Ill. Feb. 9, 2007).

We adopt the reasoning of Judge Guzman in *Tucker.* This is a case brought by a current City employee seeking redress under the 1972 Decree, not the 1983 Decree. We decline to consider the City's attempt to vacate the 1983 Decree in a case brought by a current City employee seeking redress under the 1972 Decree, not the 1983 Decree. Vacating the 1983 Decree would have no impact on this lawsuit, because the 1972 Decree would remain in full force to protect McDonough's rights as a City employee. Thus, because the 1983 Decree is not implicated in this case, the Defendants' motion is denied.

## II.      The Motion Also Fails on the Merits

Even if we were to reach the merits of Defendants' motion to vacate, the motion would be denied. In *Shakman v. City,* 426 F.3d 925 (7th Cir. 2005) (*Shakman III)* and *O'Sullivan,* 396 F.3d 843 (7th Cir. 2005)*,* the Seventh Circuit laid out the factors this Court should consider in applying the equitable standards embodied in Rule 60(b)(5). The Court has considerable discretion in deciding whether to vacate the 1983 Consent Decree. *Shakman III,* 426 F.3d at 932. Moreover, the Court should be guided by the public interest and concerns of federalism a well as

4

the current law of standing. *Id.* However, "the focus of the district court shall be not on the law of standing as a jurisdictional concept but on the equitable standards embodied in Rule 60(b)(5)." *Id.* at 931 (quoting *O'Sullivan,* 396 F.3d at 868).

A. **Changes in Facts Since the City's Appeal in** *Shakman III* **Support Denying the Defendants' Motion to Vacate**

The factual record before the Court has changed significantly since April 29, 2004 when the City filed its appeal in the 69 C 2145 case that led to *Shakman III*. Among the most note-worthy are:

- New plaintiff classes of applicants and employees were added to the case and certified by the Court.

- The United States Attorney uncovered wide-spread violations of the Decrees.

- High ranking City employees have been indicted, pled guilty and/or have been convicted in connection with rigged hiring and other violations of the Decrees.

- The City has admitted that its hiring was "compromised." *See* Aug. 2, 2005 Trans. at 11.

- Based on the evidence presented in the criminal indictments and guilty pleas, as well as the City's admission that hiring had been compromised, the Court appointed the Monitor to oversee the City's employment practices.

- The Monitor's reports have found additional violations of the Decrees.

- The Accord, negotiated and accepted by the City and approved by this Court provides for continued oversight of the City's employment practices by the Court, the Monitor and the Plaintiff Classes.

The present factual record demonstrates why the balance of equities favors enforcing the Court's orders (the Consent Decrees) that were in effect at the time of the Defendants' violations and compensating the victims. Enforcing the 1983 Decree will also send a strong message to City officials and employees, as well as applicants and the public, that the Accord will be

enforced, future violators will be sanctioned, and victims will be compensated. Therefore, the change in the factual record since the *Shakman III* case was decided tips the equities considered by this Court in favor of denying the motion to vacate the 1983 Decree.

      **B.**      **The Plaintiff Classes Will Continue to Monitor and Enforce the Defendants' Compliance with this Court's Orders**

The Seventh Circuit directed this Court to "determine whether the class of voters has the necessary interest in this litigation to vigorously litigate and present the matter of [political patronage] to the court in the manner best suited for judicial resolution." *Shakman III*, 426 F.3d at 936 (quotation omitted).

On January 11, 2006, after *O'Sullivan* and *Shakman III* were decided, the Complaint in the underlying 69 C 4125 case was amended to add new class representatives on behalf of all past and present City employees and applicants for employment with the City. The Court certified these new classes as part of the Accord. Accord, ¶ 1. The Accord charged the classes of voters, candidates, job applicants, and City employees to continue to review the City's compliance with the Accord and to present matters to the Court. Accord, § I.E(1). Therefore, the class of voters will continue to litigate and present matters to the Court along with the classes of candidates, employees and job applicants. Thus, McDonough, as a City employee, is well represented, and this class will "vigorously litigate and present the matter of [political patronage] to the court in the manner best suited for judicial resolution." *See Shakman III,* 426 F.3d at 936.

Based on the current state of the law of standing, the class plaintiffs, who as of January 11, 2006 include individual City employees and job applicants, clearly had standing to bring the underlying *Shakman* complaint in 1969 because they have alleged direct financial injury, competitive injury, and associational injury, and they continue to have standing today.

Defendants' motion based on a lack of standing ignores the presence of those additional Plaintiffs as well as the changes in the law of standing.

For all of these reasons, Defendants' motion to vacate the 1983 *Shakman* Consent Decree is denied.

<b><u>CONCLUSION</u></b>

For the foregoing reasons, the Defendants' Motion to Vacate the 1983 *Shakman* Consent Decree (# 105) is denied.

It is so ordered.

_____
Wayne R. Andersen
United States District Court

Dated: September 23, 2008